(94 App. Div. 154.)

### TOOMEY v. WHITNEY.

(Supreme Court, Appellate Division, Fourth Department. May 24, 1904.)

1. PROSPECTIVE ADMINISTRATORS—RELEASE BY HEIR—CONCEALMENT OF FACTS.
    Plaintiff's release to defendant, for one-tenth of its value, of his interest in the estate, for administration of which defendant had already filed petition, will be set aside for concealment of facts; plaintiff having been ignorant of the condition of the estate, and defendant, who · assumed to have knowledge, and had information, as to its character and extent, and was in a position of confidence, calling for the fullest information from her, having, according to plaintiff's testimony, told him it was worth only $200, and, according to her own testimony, told him it amounted to $1,800, while in fact it was worth more than $2,700.

Appeal from Judgment on Report of Referee.

Action by Thomas Toomey against Bridget T. Whitney, individually and as administratrix of Nora Toomey, deceased, to cancel and set aside a release of interest in the estate of deceased. From a judgment dismissing the complaint on the report of a referee, plaintiff appeals. Reversed.

See 80 N. Y. Supp. 826.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

D. M. Darrin, for appellant.
Charles H. Brown, for respondent.

STOVER, J.  Nora Toomey died on March 4, 1900, leaving, her surviving, the plaintiff, her brother, and the defendant, her sister, her only heirs and next of kin.  Plaintiff resided at St. Joseph, Mo., and had no acquaintance in Belmont, in this state, where defendant resided; he having gone to Missouri when 20 years of age, and had not been in New York state for 21 years.  He was inexperienced in business, and apparently with but little education.  He was not informed of his sister's death until after the funeral.  On March 14, 1900, defendant wrote to plaintiff that "Nora had a little money and as soon as I am appointed administratrix I can tell you what there is."  On April 2d plaintiff arrived at Belmont, and subsequently some conversation was had with defendant as to Nora's estate, and about which there is a dispute; plaintiff saying that defendant told him Nora had but $200, as $1,600 of the $1,800 which she had was in bonds of no value, while defendant contends that she told him the estate amounted to $1,800, and nothing was said about bonds of no value.  On April 18th plaintiff executed a release of his interest in Nora's estate upon a consideration of $150.  On April 21st defendant was appointed administratrix.  It is conceded that Nora's estate was worth more than $2,700.

We think that, under the circumstances of this case, defendant owed the duty to plaintiff to fairly inform him of the condition of the estate of his sister.  She assumed to have knowledge, and he was entirely ignorant of her circumstances.  She seems to have been in possession of information as to its character and extent.  She had already filed a petition for administration, and, while not yet acting, was in such a position of confidence as to call for the fullest information from her to those with whom she was dealing.  She was bound to disclose and had no right to conceal the extent of the estate to her own profit. There can be no doubt that plaintiff relied upon her statement, and it is almost incredible that he should have released his interest in the estate for $150, had he known that his share was at least 10 times as much.  Upon the defendant's own statement, the estate was larger than stated by her to plaintiff, and it is clear that for almost nominal consideration she has received a large benefit.  We think that under these circumstances the release was not fairly obtained, and the dismissal of the complaint was error.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.  All concur.