EDWARD F. O'CONNOR, Respondent, v. RICHMOND LIGHT AND RAILROAD COMPANY, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Thomas, Carr, Stapleton, Mills and Putnam, JJ.

NICHOLAS PROVENZANO, Respondent, v. GASPANO GIANOPUTO, Appellant.— Judgment and order of the County Court of Nassau county affirmed, with costs. No opinion. Thomas, Carr, Stapleton, Mills and Putnam, JJ., concurred.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN McPHERSON, Appellant.— Judgment of conviction of the County Court of Kings county reversed and new trial ordered. The defendant was indicted for carrying and possessing a bludgeon. The instrument offered in evidence is not what is commonly known as a bludgeon. The Legislature intended to punish for carrying or possessing certain defined and commonly known instruments used before and at the time of the passage of the statute,* by persons criminally disposed. Carr, Stapleton and Putnam, JJ., concurred; Mills and Rich, JJ., voted to affirm on the ground that it was competent for the jury to find that the instrument, as being carried by the defendant, was a bludgeon within the meaning of the statute.

CYRUS ROBINSON, Respondent, v. HAMILTON & CHAMBERS COMPANY, INCORPORATED, Appellant.— Order reversed, with ten dollars costs and disbursements, and defendant's motion for judgment on the pleadings granted, with ten dollars costs, upon the ground that the contract sued upon is entirely individual, and the defendant was not a party thereto. Jenks, P. J., Thomas, Stapleton, Mills and Putnam, JJ., concurred.

CORNELIUS G. ROCHE, as Administrator, etc., of DAVID ROCHE, Deceased, Respondent, v. ST. JOHN'S RIVERSIDE HOSPITAL, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Thomas, Stapleton and Putnam, JJ., concurred; Mills, J., dissented.

LOUIS SCHLESINGER, Respondent, v. FERDINAND A. GRANER, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Thomas, Carr, Stapleton, Mills and Putnam, JJ.

ALEXANDER M. SCHWOB, Respondent, v. HENRIETTA V. GOODWIN and HENRY H. GOODWIN, Appellants.— As the case now stands it is controlled by the "second" clause of the written contract between Schwob and Goodwin. That clause is clear and apparently free from ambiguity. The trial court erred in its interpretation. The "fifth" and "sixth" findings of fact, and the "first," "second" and "third" conclusions of law are reversed. The judgment is reversed, with costs of this appeal to the appellants, and a new trial is granted, costs to abide the final award of costs. Thomas, Carr, Stapleton, Mills and Putnam, JJ., concurred.

* See Penal Law, § 1897, as amd. by Laws of 1911, chap. 195; Laws of 1913, chap. 608, and Laws of 1915, chap. 390.— [REP.