ELEANOR GRIFFIN, as Administratrix of PEARL GRIFFIN, Deceased, Respondent, *v.* CHARLES D. BLES and Others, Appellants.

Third Department, July 6, 1922.

Executors and administrators — action by administratrix of deceased young woman for damages for death caused by operation — complaint set forth three causes of action, (1) fraud, (2) assault, (3) malpractice — defendant's motion to dismiss first and second causes properly denied — deceased could have maintained action upon either cause and hence her administratrix also could under Decedent Estate Law, § 130.

The complaint in an action by the administratrix of a young woman, who died as the result of a surgical operation, against the physicians who recommended and performed the operation, set forth three causes of action. The first was for fraud and deceit consisting of misrepresentations and concealment of conditions made and practiced to induce the deceased to consent to the operation. The second alleged that the operation performed was not the operation to which

she consented, but more dangerous, and that it amounted to an assault. The third was for malpractice. The defendants moved to dismiss the first and second causes of action on the ground that they did not state facts sufficient to constitute a cause of action.

*Held,* that the motion was properly denied as the deceased, if she had lived, could have maintained an action upon either cause, and death having resulted, her administratrix could do likewise under section 130 of the Decedent Estate Law, especially since the action was commenced under the Civil Practice Act which requires a liberal construction of pleadings.

COCHRANE, P. J., and VAN KIRK, J., dissent as to the first cause of action.

APPEAL by the defendants, Charles D. Bles and others, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Saratoga on the 4th day of April, 1922, denying defendants' motion to dismiss the first and second causes of action in the amended complaint herein.

*George W. Whiteside* and *Robert Oliver,* for the appellants.

*Robert W. Fisher,* for the respondent.

KILEY, J.:

On the 29th day of October, 1921, plaintiff's intestate died. On the 25th day of October, 1921, she was operated upon in the Washington Square Hospital, New York city; death on the day aforesaid resulted. Each of the above-named defendants is a physician and is alleged to have been involved in causes resulting in the death of said decedent. The defendant Savini is proprietor of and conducts the aforesaid hospital. It is alleged that the defendant Charles D. Bles was a consultant with Savini, advised and counseled the operation, and after consultation with the defendant Meeker and after an alleged diagnosis of the difficulty afflicting plaintiff's intestate, operated upon her. Plaintiff's complaint alleges three causes of action: The *first* is for fraud and deceit consisting of misrepresentations and concealment of conditions made and practiced to induce her to consent to the operation suggested by which she was assured of its simplicity and the relief it would accomplish. *Second,* that the operation performed was not the operation suggested to plaintiff's intestate; it was much more complicated and dangerous, and was not, therefore, consented to by her, and that it amounted to an assault upon her. *Third,* is for malpractice committed upon the deceased. The defendant Savini moved at Special Term to strike from the complaint the first and second causes of action upon the ground that they did not state facts sufficient to constitute a cause of action; the motion was denied and the defendant Savini appealed. The other defendants made the same motion, which was likewise denied, and they also appealed, which appeals present the questions now

under consideration. The appellants contend that causes of action 1 and 2 do not survive plaintiff's intestate and that an action cannot be based thereon. The position of the respondent is, that the question of survivorship is not involved here at all; that each one of the causes of action stand independent and alone, and will sustain a cause of action. Such claim is based upon section 130 of the Decedent Estate Law, which was section 1902 of the Code of Civil Procedure. This section was added to the Decedent Estate Law by chapter 919, section 1, of the Laws of 1920, and took effect April 15, 1921, and reads as follows: " The executor or administrator duly appointed in this State, or in any other State, territory or district of the United States, or in any foreign country, of a decedent who has left him or her surviving a husband, wife or next of kin, may maintain an action to recover damages for a *wrongful act*, neglect or default, by which the decedent's death was caused, against a natural person who, or a corporation *which, would have been liable to an action in favor of the decedent by reason thereof if death had not ensued*." There is more of that section, but the part quoted above is the part involved in the questions presented here. The deceased was an unmarried female, plaintiff is her mother, and, therefore, one of her " next of kin " as defined in section 134 of the Decedent Estate Law (as added by Laws of 1920, chap. 919), formerly section 1905 of the Code of Civil Procedure. Section 130, *supra*, must be read in connection with section 120 of the Decedent Estate Law which was added by chapter 240 of the Laws of 1909, and reads as follows: " For wrongs done to the property, rights or interests of another, for which an action might be maintained against the wrong-doer, such action may be brought by the person injured, or after his death, by his executors or administrators, against such wrong-doer, and after his death against his executors or administrators, in the same manner and with the like effect in all respects, as actions founded upon contracts. *This section shall not extend to an action for personal injuries*, as such action is defined in section thirty-three hundred and forty-three of the Code of Civil Procedure; *except that nothing herein contained shall affect the right of action now existing to recover damages for injuries resulting in death*." Section 3343, subdivision 9, of the Code of Civil Procedure defines " personal injury " as follows: " A ' personal injury ' includes libel, slander, criminal conversation, seduction and malicious prosecution; also an assault, battery, false imprisonment, or other actionable injury to the person either of the plaintiff, or of another." This subdivision 9 of section 3343 was transferred by chapter 917 of the Laws of 1920 to the General Construction Law, as section 37a. The significance of section 120 of the Dece-

dent Estate Law, so far as this motion is concerned, is found in the exception at the close of the section. That exception takes section 130 of the Decedent Estate Law out of the control of section 120 and section 3343, subdivision 9, of the Code of Civil Procedure, because the injuries complained of resulted in death. Upon the questions thus simplified we are called upon to say what wrongs, etc., are covered by said section 130. It should be borne in mind that death resulted in this case and that the plaintiff contends that the result of defendants' action or non-action was the approximate cause under each or either cause of action set out in her complaint; that the resulting damage was the same under each and all of them. The appellants contend, as aforesaid, that the first and second causes of action should be treated as having no connection with the alleged resulting injury causing death, and thus are governed by section 120 of the Decedent Estate Law, or rather that portion of said section before the exception therein contained. *Ishie* v. *Norton Co.* (183 App. Div. 94) is a late case cited by appellants as sustaining their position. While there are statements in the opinion that would seem to uphold appellants' contention, an examination of the opinion shows that they were written of a different state of facts from those obtaining here. The complaint, in the first instance, was for the ordinary negligence action under section 1902 of the Code of Civil Procedure. The defendant answered setting up a settlement and release. Plaintiff served an amended complaint in which was alleged fraud and deceit as the gravamen of the action; it went to the jury on that theory, viz., to find the amount the decedent would have settled for, if he had known his true condition at the time he made the settlement. The court reversed the judgment obtained on that theory, but held on a proper complaint that the plaintiff was not without a remedy and had a cause of action on proper pleadings. *Wade* v. *Kalbfleisch* (58 N. Y. 282) was an appeal from an order denying a motion to revive an action brought for breach of promise. In *Price* v. *Price* (75 N. Y. 244) the defendant was sued for false and fraudulent representations by which he induced the plaintiff to marry him, at a time when he could not enter into a valid contract of marriage; he died during the pendency of the action; this appeal was from an order denying a revival of the action against his executors. Such revival was not permitted. The facts in that case are not similar to the facts here, and have no relation to the cause of action provided for in section 130 aforesaid. Here the woman wronged died; in the *Price* case the wrong did not result in death. The statute under consideration here makes no provision for the survival of such a cause of action; death of the party

injured must ensue before a cause of action comes into being under the provisions of said section 130, or the exception in section 120 of the Decedent Estate Law. In *Hegerich* v. *Keddie* (99 N. Y. 258) the question involved was whether a cause of action created by statute (Code Civ. Proc. § 1902) survived against the representatives of the wrongdoer. It was held that it did not, and the court in the course of the opinion, having in mind section 1902 only, said: " It will be observed also that the statute, although creating a new cause of action, and passed for the express purpose of changing the rule of the common law in respect to the survivability of actions, and conferring a right upon representatives which they did not before possess, does not undertake, either expressly or impliedly, to impair the equally stringent rule which precluded the maintenance of such actions against the representatives of the offending party." Notwithstanding the foregoing decisions an action for injury resulting in death caused by negligence was revived against the representative of the wrongdoer. (*Ferris* v. *Sterling,* 214 N. Y. 249; 220 id. 616. See also, Decedent Estate Law, § 120.) The question does not seem to have been raised in the Court of Appeals. The respondent's contention is, in the language of the statute, that " a wrongful act " was perpetrated under any of her alleged causes of action, and when followed up according to its purpose, resulted in death, viz., that the fraudulent misrepresentations and fraudulent concealment of conditions induced plaintiff's intestate to submit to an operation, the seriousness of which by reason of such misrepresentation and concealment, she did not contemplate, and death followed. *Second,* that not appreciating the seriousness of such operation because of such misrepresentation, she did not consent to the operation performed, and hence an assault was committed upon her from which she died. *Third,* that the physicians concerned knew, or ought to have known, the patient's condition, and ought to have known that it could not result otherwise than in death, and the cause of action for malpractice came into being. The third cause of action is not questioned. There cannot be any question but what plaintiff's intestate, had she not died, could have maintained an action on either cause of action set forth as 1 and 2 in this complaint, and thus another provision of section 130 aforesaid is met. This statute gives a new cause of action. (*Kelliher* v. *N. Y. C. & H. R. R. R. Co.,* 212 N. Y. 207; *Radley* v. *Leray Paper Co.,* 214 id. 32.) The Court of Appeals speaking of the scope of section 1902, now section 130, *supra,* says: " It covers any action of trespass upon the person, which the deceased could have maintained if she had survived the accident." (*Sullivan* v. *Dunham,* 161

N. Y. 290.) The wrongful act need not necessarily be based upon negligence of the party charged. (*Schloendorff* v. *New York Hospital*, 211 N. Y. 125.) In *Roche* v. *St. John's Riverside Hospital* (96 Misc. Rep. 289; affd., 176 App. Div. 885) it was held that where death followed a breach of contract to properly care for a child a cause of action arose in favor of its representatives. The false representations, concealment, etc., are sufficiently alleged in the complaint. (*Toomey* v. *Whitney*, 94 App. Div. 154; *Daly* v. *Wise*, 132 N. Y. 306; *Kountze* v. *Kennedy*, 147 id. 124; *Hadcock* v. *Osmer*, 153 id. 604.) In *Flaherty* v. *Till* (119 Minn. 191; 137 N. W. Rep. 815) the question of fraud, deceit and misrepresentation was considered upon a demurrer to the complaint in some respects similar to the complaint in this action. The demurrer was overruled. I think the fact that plaintiff's intestate could have maintained an action, if she had lived, upon either the first or second cause of action, and death having resulted in connection with the acts complained of as shown by the allegations therein contained, that the decision at Special Term was correct. This action was commenced under the Civil Practice Act where liberal rules in the construction of pleadings are required (§ 275). But one judgment for damage can be obtained in this action under any pleading, and allegations setting up the criticised causes of action are necessary to that end.

I favor affirmance, with ten dollars costs and disbursements to respondent. Defendants permitted to answer within twenty days after judgment herein is entered.

All concur, except COCHRANE, P. J., and VAN KIRK, J., dissenting as to the first cause of action.

HINMAN, J. (concurring for affirmance):

The complaint states three causes of action. The first cause of action sets forth in general all the facts but contains allegations appropriate to a cause of action for fraud and deceit. The second cause of action repeats the allegations of the first cause of action and adds thereto an allegation appropriate to a cause of action for assault. The third cause of action is an action for malpractice or negligence.

It has been held that where a surgeon performs an operation without his patient's consent, except in cases of emergency, he commits an assault for which he is liable in damages. (*Schloendorff* v. *New York Hospital*, 211 N. Y. 125.) The second cause of action herein is for a direct trespass upon the person of the deceased, resulting in her death. It is a wrongful act resulting in death and the action is permitted under the statute. (Decedent

Estate Law, § 130 *et seq.*, as added by Laws of 1920, chap. 919.) The allegations in regard to misrepresentation or fraud are not inappropriate to this cause of action because they bear upon the question of consent.

The first cause of action is founded upon willful fraud, it being the claim of the plaintiff that the defendants knowingly misrepresented the facts to the deceased, inducing her to consent to an operation which resulted in her death. It might be argued that this is not an appropriate cause of action for a direct trespass to the person of another because such a cause of action would be one for assault. The claim of the plaintiff, however, is that the false representations proximately caused the death of plaintiff's intestate. If so, it was a wrongful act resulting in death.

" ' The proximate cause of an event must be understood to be that which, in a natural and continuous sequence, unbroken by any new cause, produces that event, and without which that event would not have occurred.' " (*Laidlaw* v. *Sage*, 158 N. Y. 73, 99.) Death does not ordinarily flow in a natural and continuous sequence unbroken by any new cause from the mere fact that a representation is made that an operation is necessary, although the representation is false. Eliminating the act of the patient in consenting to the operation, which consent might be held to be a natural sequence flowing from the representation of the physician that an operation is necessary, there is a new and independent act on the part of the physician when he actually performs the operation or succeeds in operating upon her for something else after having thus obtained her consent to some operation. Without the operation the fraud would have amounted to nothing so far as causing her death was concerned. Standing alone, therefore, it might be urged that the fraud was not the wrongful act which caused her death and that the fraud is merely a matter of evidence in the action for assault to demonstrate the absence of consent. Arguing in this manner it would seem that the first cause of action cannot stand alone but is merged in the second cause of action.

On the other hand, there is a theory upon which we can hold that the willful and fraudulent misrepresentation of the physician, that an operation was necessary, when it was not, can be deemed to be a proximate cause of death following an operation thereafter had. It is, that the advice of a physician is of such a character as to invite the damage which was produced because of the superior knowledge of the physician upon which a patient ought to be permitted to rely, so that we may fairly reach the conclusion that if it were not for that advice of the physician, the operation would

29

not have been had and the operation itself naturally flowed as a continuance of the primary dereliction. (*Marx* v. *Ontario Beach H. & A. Co.*, 211 N. Y. 33.) The physician ought not to be excused for such primary dereliction since it was of such a character as would be likely to invite or produce the operation and death. While I cannot see the necessity for reaching back to the primary dereliction where such primary dereliction is an incidental part of the cause of action for assault through the operation itself, the mere fact that the first cause of action is merged in the second does not in itself destroy the identity of the first or its sufficiency as a cause of action and we can equally well say that the action based upon assault is merged in and becomes a part of the action based upon fraud. Each is a wrongful act proximately resulting in death.

My conclusion is that the first cause of action may be sustained as a separate cause of action and I, therefore, concur with Mr. Justice KILEY.

Order affirmed, with ten dollars costs and disbursements, with leave to the appellants to answer within twenty days on payment of such costs and of the costs awarded in the order appealed from.