IDA COHEN, as Administratrix, etc., of LIPPMAN COHEN, Deceased, Respondent, v. HARRY STEIGMAN, Appellant.— In an action to recover for the wrongful death of plaintiff's intestate caused by the alleged negligence of the defendant, a dentist, in connection with and as a result of the extraction of a tooth, the defendant moved to dismiss the complaint. Order denying defendant's motion reversed on the law, with ten dollars costs and disbursements, motion granted, with ten dollars costs, and judgment directed to be entered thereon. The action was not commenced within two years after decedent's death, as provided in section 130 of the Decedent Estate Law. The time to begin the action commenced to run from the date of death and not the date of appointment of the legal representative. (*Leun* v. *Brimmer*, 203 App. Div. 643; *Werra* v. *Cassedy*, 229 id. 590.) Section 119 of the Decedent Estate Law, effective September 1, 1935, has no application to this action. Lazansky, P. J., Carswell, Davis, Johnston and Adel, JJ., concur.

FERDINAND DE FELICE, Respondent, v. THE BROOKLYN DAILY TIMES, Also Known as THE BROOKLYN DAILY TIMES, INC., Appellant.— Action to recover damages for personal injuries sustained by plaintiff as the result of a collision between defendant's automobile truck and plaintiff's passenger automobile. Appeal by defendant from the judgment in favor of plaintiff in the sum of $4,169.45, and from the order denying its motion for a new trial. Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ.

JOSEPHINE DONATO, Respondent, v. GRANITE STATE FIRE INSURANCE COMPANY and THE NORTHWESTERN NATIONAL INSURANCE COMPANY, Appellants; NEW YORK TITLE AND MORTGAGE COMPANY, Respondent, and THE MORRIS PLAN COMPANY OF NEW YORK, Defendant.— Action for reformation of insurance policies and recovery thereon for loss sustained by reason of fire. In so far as it reforms and corrects the policies in certain particulars, the judgment is unanimously affirmed, without costs. In all other respects the judgment is reversed on the law and the facts and a new trial granted, costs to abide the event. In our opinion, the finding that the premises were wholly destroyed by fire and that " any explosion which may have occurred * * * during the course of said fire was preceded by said fire and was incidental thereto," and the fixation of the cash value of the property destroyed by fire in the sum of $10,250, together with appropriate conclusions based thereon, are against the weight of the credible evidence. The fact established by many disinterested witnesses of apparently unquestionable integrity, is that an explosion, so terrific as to cause the side walls of the building to be blown out and to wrench the joints of the house, preceded the flames. The respondents offer no explanation of the source or origin of the happening, whether fire or explosion. Moreover, the house was vacant at the time, the tenants therein having moved or having been notified to leave approximately a month prior to its destruction. Under all the circumstances, in our opinion, any finding that the fire preceded the explosion was based upon pure conjecture. Upon the new trial it will be incumbent upon the plaintiff to furnish an adequate basis for the segregation of the recoverable damage by fire from that caused by the preceding explosion, if it be found on the new trial that such explosion did precede the fire. Plaintiff's findings of fact numbered 25, 26, 27 and 28, and conclusions of law numbered 4 and 5, and defendant-respondent's findings of fact numbered 24 and 25 and conclusions of law numbered 4 and 5, are reversed. Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ., concur.