ROLF STUTZ, as Administrator of the Estate of Anna J. Bajor, Deceased, Appellant, *v.* GUARDIAN CAB CORPORATION, Respondent, et al., Defendants.

First Department, November 28, 1947.

*George R. Ammerman* of counsel (*Harry Zeitlan* with him on the brief; *Samuel Lerner,* attorney), for appellant.

*Moses Katcher* of counsel (*Jacob J. Milman* with him on the brief; *Harry P. Rich,* attorney), for respondent.

CALLAHAN, J. This action has been brought to recover damages on two causes of action (1) for wrongful death of the plaintiff's intestate and (2) for personal injuries sustained by the decedent through the alleged negligence of the defendants.

On March 26, 1943, the deceased was struck by a taxicab of the defendant Guardian Cab Corporation and operated at the time of the accident by the defendant Horowitz. The injuries inflicted were of such a nature that they resulted in death on the same day. The complaint alleges that the plaintiff Rolf

Stutz is the only child and next of kin of the deceased, to whom letters of administration on her estate were duly issued prior to the institution of suit. We thus assume that there is no surviving spouse or other person interested in the decedent's estate. More than three years after the date of accident and injury resulting in death this action was commenced on September 16, 1946, by the service of a summons and complaint on the defendant Guardian Cab Corporation. Meanwhile, during the period from May, 1942, to March 8, 1946, it is alleged in the complaint that the plaintiff Rolf Stutz was in the service of the Armed Forces of the United States.

On motion of the defendant Guardian Cab Corporation the complaint has been dismissed on the ground that the action had not been brought within the time limited by law for the commencement of suit (Decedent Estate Law, § 130; Civ. Prac. Act, § 49).

The plaintiff contends that he is entitled to the protection of the New York Soldiers' and Sailors' Civil Relief Act (Military Law, § 308) substantially identical with the Federal Soldiers' and Sailors' Civil Relief Act of 1940, as amended (U. S. Code, tit. 50, Appendix, § 525), and providing as follows: "The period of military service shall not be included in computing any period now or hereafter to be limited by any law for the bringing of any action by or against any person in military service or by or against his heirs, executors, administrators, or assigns, whether such cause of action shall have accrued prior to or during the period of such service."

If the period of the plaintiff's military service is to be excluded in computing the time limited by law for the bringing of this action, it is clear that the Statute of Limitations constitutes no bar in this case.

The first cause of action for wrongful death is authorized to be maintained by the legal representative of a deceased on behalf of the surviving spouse and next of kin, and " Such an action must be commenced within two years after the decedent's death" (Decedent Estate Law, § 130). This requirement as to time within which to bring suit has been considered a limitation upon the remedy and not upon the right (*Sharrow* v. *Inland Lines, Ltd.*, 214 N. Y. 101, 110; see *Mossip* v. *Clement & Co.*, 256 App. Div. 469, affd. 283 N. Y. 554; *Kerr* v. *St. Luke's Hospital*, 176 Misc. 610, affd. 262 App. Div. 822, affd. 287 N. Y. 673). The period of limitations begins to run from the date of death and not the date of appointment of the legal representative (*Cohen* v. *Steigman*, 249 App. Div. 819).

The action for wrongful death is one of statutory origin and was unknown to the common law. While the right to maintain such action is conferred upon the legal representative alone, it exists solely for the benefit of the decedent's surviving spouse and next of kin (*Rice* v. *Postal Telegraph-Cable Co.*, 174 App. Div. 39, affd. 219 N. Y. 629). Essentially the action is a suit for injury to the property rights of the beneficiaries named in the statute (*Boffe* v. *Consolidated Telegraph & Electrical Subway Co.*, 171 App. Div. 392, affd. 226 N. Y. 654). In this State " the damages awarded for the negligent act are such as result to the property rights of the person or persons for whose benefit the cause of action was created" (*Matter of Meekin* v. *Brooklyn Heights R. R. Co.*, 164 N. Y. 145, 153). The same notion has more recently been given expression in *Greco* v. *Kresge Co.* (277 N. Y. 26, 32), where it is said that the statute (Decedent Estate Law, § 130) "created a new and original cause of action based not upon damage to the estate of the deceased because of death but rather for the pecuniary injury to the surviving spouse and next of kin of the deceased from death caused by the wrongful act, neglect or default of another in a case where the deceased would have had a cause of action against such person had death not ensued (*Hamilton* v. *Erie R. R. Co.*, 219 N. Y. 343, 350; *Roche* v. *St. John's Riverside Hospital*, 96 Misc. Rep. 289; affd., 176 App. Div. 885) and it is not extinguished after it has once accrued by the death of specific beneficiaries named herein. (*Van Beeck* v. *Sabine Towing Co.*, 300 U. S. 342)."

The fact that the action has been brought in the plaintiff's name in a representative role proceeds from the requirements of the statute and is simply a matter of form serving the purposes of orderly procedure in settling the affairs of the decedent's estate (*Matter of von Kauffmann*, 167 Misc. 83). The position of the legal representative in the maintenance of a death action is merely that of agent of the beneficiaries for the purposes of suit. Though a necessary party in this statutory action, he is nonetheless only a formal party (*Central N. Y. Coach Lines, Inc.* v. *Syracuse Herald Co.*, 277 N. Y. 110, 113; *Davis* v. *N. Y. C. & H. R. R. R. Co.*, 233 N. Y. 242, 246). The suit is prosecuted only "in point of form" by the representative of the decedent's estate (*Whitford* v. *Panama Railroad Co.*, 23 N. Y. 465, 470). "The executor or administrator of the decedent is a mere nominal party, without any interest in the damages, holding them, when recovered, in the capacity of a trustee or agent for the beneficiaries. (*Hegerich* v. *Keddie*, 99 N. Y. 258; *Matter of Meekin* v. *Brooklyn Heights R. R. Co.*, 164 N. Y. 145;

*Kelliher* v. *New York Central & H. R. R. R. Co.*, 212 N. Y. 207.) The claim of the beneficiaries of such a cause of action, in its ·inherent nature and source, is of the same quality and character as the large class of claims for injuries to the manifold varieties of property of claimants.'' (*Hamilton* v. *Erie R. R. Co.*, 219 N. Y. 343, 350, *supra*.)

Though the action for wrongful death is brought in the name of the executor or administrator of the deceased as statutory plaintiff, he holds the proceeds of any recovery as a special fund in trust for the exclusive benefit of the statutory distributees (*Central N. Y. Coach Lines, Inc.*, v. *Syracuse Herald Co.*, 277 N. Y. 110, *supra*). In this instance the sole beneficiary of such trust is the plaintiff individually as the only child and next of kin of the decedent. It is thus apparent that in this case the plaintiff himself in his individual capacity is the real party in interest on the cause of action for wrongful death.

Viewing the first cause of action in the present complaint as one to compensate the plaintiff individually as sole next of kin for his pecuniary loss suffered through the negligent killing of the deceased (*Van Beeck* v. *Sabine Towing Co.*, 300 U. S. 342, 347), in our opinion it logically follows that his rights as the real party in interest are protected by the Soldiers' and Sailors' Civil Relief Acts (Military Law, § 308; U. S. Code, tit. 50, Appendix, § 525) and that these statutes serve to toll the Statute of Limitations with respect to the cause of action for wrongful death during the time of his military service. The Soldiers' and Sailors' Civil Relief Acts "were intended to modify not only those statutes properly called Statutes of Limitations, by which times are fixed for the bringing of actions, but statutes creating a right of action which did not exist independently of the statute where the time for bringing such an action is limited in some way or a condition precedent is imposed by the statute." (*Parker* v. *State of New York*, 185 Misc. 584, 590.) We think that the argument of the defendant-respondent for withholding the benefits of the pertinent provisions of the Soldiers' and Sailors' Civil Relief Acts from the plaintiff as administrator suing on his own behalf individually as the real party in interest on the cause of action for wrongful ·death is too legalistic in view of the policy of liberal construction of such statutes in favor of those who have been obliged to drop their own affairs in order to take up the burdens of the nation (*Boone* v. *Lightner*, 319 U. S. 561, 575; *Wuster* v. *Levitt*, 268 App. Div. 926).

Apropos of the situation in the present case, it seems to have been pertinently said in *Clark* v. *Mechanics' American Nat. Bank* (282 F. 589, 591) that "* * * Congress could not have intended, in the liberal provisions made for the benefit of persons in military service, that an extension of time should be granted in suits upon ordinary contracts, but should be denied if a soldier, as next of kin, had a statutory right to recover for the negligence of some one in causing a death, even though the statute required such action to be brought within a limited period."

And in *Halle* v. *Cavanaugh* (79 N. H. 418) it was held that the period of military service of a person entitled to substitution under the law of New Hampshire as a party interested in the estate of a deceased plaintiff in a pending action for personal injuries should be excluded in computing the time within which such person might appear as an individual and assume the prosecution of the action.

We appreciate that a case may arise where a serviceman is only one of the next of kin and thus owns only part of a claim for wrongful death barred for lack of prosecution within the usual period of limitation. We need not determine the rule to be applied in a situation of that kind. We have considered the possibility of such a case merely as a collateral test for the correctness of our conclusion and find that it does not alter our view that the plaintiff may maintain this suit on the cause of action for wrongful death. (See *Halle* v. *Cavanaugh, supra,* p. 421.)

The case of *Mossip* v. *Clement & Co.* (256 App. Div. 469, affd. 283 N. Y. 554, *supra*) is not controlling. In that case the claim was made that the period of infancy of the decedent's children should be excluded from the two-year limitation provided in section 130 of the Decedent Estate Law. It was held that the provisions of section 60 of the Civil Practice Act excluding the disability of infancy from periods of limitation were limited by the provisions of section 10 of the Civil Practice Act excepting a case where a different limitation is specially prescribed by law. Inasmuch as the period of limitation in an action for wrongful death is specially prescribed by law under section 130 of the Decedent Estate Law, it was decided that the period of infancy of the decedent's children was not to be excluded in computing the time within which to bring the action. With respect to a person in the military service, however, it is expressly provided that the limitation of any law for bringing an action is tolled for the period of his military service (Military Law, § 308; U. S. Code, tit. 50, Appendix, § 525).

The second cause of action for personal injuries stands upon a different footing and a different rule applies. The right to recover damages for conscious pain and suffering belonged to the decedent herself. The intervention of death, however, no longer releases the wrongdoer from the obligation to answer for his wrongful act. The personal representative of the deceased may bring or continue a suit for the recovery of such damages under the provisions of section 119 of the Decedent Estate Law. The proceeds of any recovery in such action constitute an asset of the estate for distribution in the ordinary course of administration (Decedent Estate Law, § 120; *Kwiatkowski* v. *Lowry, Inc.*, 276 N. Y. 126, 130; *Matter of von Kauffmann*, 167 Misc. 83, *supra*). This cause of action accrued to the decedent at the time of injury (*Matter of Mulligan* v. *County of Westchester*, 272 App. Div. 927) and is governed by the ordinary three-year period of limitation applicable to negligence actions (Civ. Prac. Act, § 49). The commencement of this suit after the expiration of such time raises the bar of limitations, and the second cause of action is outlawed. The saving provisions of the Soldiers' and Sailors' Civil Relief Acts (Military Law, § 308; U. S. Code, tit. 50, Appendix, § 525) may not be invoked. The rights sought to be enforced on this cause of action are primarily those of the decedent, who was never in the military service. There is no warrant for extending the benefit of these statutes to the deceased civilian or her estate as such. (See *Halle* v. *Cavanaugh, supra,* p. 420.)

We conclude that the order appealed from should be accordingly modified by denying the defendant-respondent's motion for dismissal of the first cause of action alleged in the complaint, and otherwise affirmed, with $20 costs and disbursements to the plaintiff-appellant, with leave to the defendant-respondent to answer within ten days after service of order, with notice of entry, on payment of said costs.

Peck, P. J., Glennon, Dore and Cohn, JJ., concur.

Order unanimously modified by denying the motion to dismiss the first cause of action alleged in the complaint and as so modified affirmed, with $20 costs and disbursements to the appellant, with leave to the respondent to answer within ten days after service of the order, with notice of entry thereof, on payment of said costs.