VESTA EKAS, as Committee of the Property of WILLIAM E. HILL, an Incompetent Person, and as Administrator of the Estate of WALTER HILL, Deceased, Plaintiff, *v.* CITY CAB COMPANY OF JAMESTOWN, NEW YORK, INC., et al., Defendants.

Supreme Court, Special Term, Cattaraugus County, January 15, 1953.

*Joseph Brownstein* for City Cab Company of Jamestown, New York, Inc., defendant.

*John P. McKenna* for plaintiff.

VANDERMEULEN, J. This is an action to recover damages for the wrongful death of plaintiff's decedent. The complaint alleges that death occurred on March 8, 1950, but the affidavit submitted in connection with the defendants' motion, sets forth the date of death as March 9, 1950.

For the purposes of discussing the motion under consideration, I will accept the later date of death, namely: March 9, 1950. One of the defendants, the City Cab Company of Jamestown, New York, Inc., makes a motion under rule 107 of the Rules of Civil Practice to dismiss the complaint on the ground that the cause of action alleged in the complaint did not accrue within the time limited by law for the commencement of an action thereon. The affidavits submitted by both parties on this motion contain the statement that the summons and complaint in the action were delivered to the Sheriff of Cattaraugus County for service on March 10, 1952, and that the said summons and complaint were actually served on the defendant on March 12, 1952.

Section 130 of the Decedent Estate Law provides that an action for wrongful death must be commenced within two years after the decedent's death. The problem involved on this motion concerns the correct computation of this period of two years.

Under the provisions of section 20 of the General Construction Law, the date from which any reckoning of time is made is excluded in making the computation (*Biloz* v. *Tioga Co. Patrons' Fire Relief Assn.*, 21 N. Y. S. 2d 643 [1940], affd. 260 App. Div. 976). Therefore, in starting the computation, we exclude the date of death, which as before stated is accepted to be March 9, 1950. That makes the first day which is counted in the two-year period as March 10, 1950. Two years from that date would expire on March 9, 1952. In other words, March 9, 1952, is the last day of the two-year period.

March 9, 1952, was a Sunday which raises a question as to whether the period of time was extended to the following day. Section 20 of the General Construction Law which refers to a period of days excludes Sunday from the reckoning, if the last day falls thereon. Similarly, section 30 excludes Sunday where the period is figured in months.

It has been held that a Sunday falling on the last day of a period of years is not excluded in making a computation. (*Benoit* v. *New York Central & H. R. R. R. Co.*, 94 App. Div. 24; *Hendrickson* v. *Callan*, 70 Misc. 342.)

The plaintiff stresses the point that section 25-a of the General Construction Law is a limitation upon the remedy and not upon the right, and by that he maintains, as I gather it, the instant case not having been tried before the enactment of the amendment (L. 1952, ch. 821, eff. Sept. 1, 1952) became effective, this cause of action is not barred by the Statute of Limitations. In support of this contention, the plaintiff cites *Stutz* v. *Guardian Cab Corp.* (273 App. Div. 4). That case involved an action for wrongful death. In the opinion there is this significant statement at page 6: " The period of limitations begins to run *from the date of death* and not the date of appointment of the legal representative (*Cohen* v. *Steigman,* 249 App. Div. 819)." (Italics mine.)

*Sharrow* v. *Inland Lines* (214 N. Y. 101, 105) cited in *Stutz* v. *Guardian Cab Corp.* (*supra*) was determined on a question of pleading. The law had previously read " provided that every such action shall be commenced within two years after the death of such deceased." It was changed to " Such action must be commenced within two years after the decedent's death."

Briefly, the court held that so long as a time limitation remained a proviso, it related to a right rather than to a remedy; that the time limitation as to actions of this sort ceased to be a proviso and has become a simple requirement that the suit shall be begun within two years.

Submit order dismissing the complaint.