■ JEAN NORRINGTON, as Administratrix of the Estate of CORNELIUS NORRINGTON, Deceased, Respondent, v. FISHANGRI-LA, INC., et al., Appellants.— In an action to recover damages for the wrongful death of respondent's intestate, the appeal is from an order denying a motion to dismuss the complaint pursuant to subdivision 5 of rule 107 of the Rules of Civil Practice, on the ground that the action is barred by the Statute of Limitations. The complaint alleges that as a result of appellants' negligence in the operation, management, maintenance and control of the vessel "*Pelican*" on September 1, 1951, it was caused to capsize and founder, "as a result of which the decedent," a passenger thereon, "was found to be missing and thereafter presumed to be dead * * * that said accident, and death was caused * * * by reason of the negligence of the [appellants] ". The complaint also alleges that in support of the petition for letters of administration in the Surrogate's Court, Kings County, certain affidavits and proof were submitted "which alleged substantially that the alleged decedent disappeared under circumstances which placed him in a position of extreme danger at the aforesaid time [September 1, 1951] and place and that his body had not been recovered." The action was commenced by the service of the summons on July 8, 1954. Order reversed, without costs, and motion granted. An action for wrongful death must be commenced within two years after decedent's death (Decedent Estate Law, § 130; *Jones* v. *416 Pleasant Ave. Holding Corp.,* 276 App. Div. 842, affd. 304 N. Y. 893; *Cohen* v. *Steigman,* 249 App. Div. 819). Under the circumstances and upon the foregoing facts it must be inferred that the death resulted on September 1, 1951, from the aforesaid unfortunate accident which occurred on that date. The cause of action accrued

at that time and, consequently, since the action was not commenced within two years thereafter, the statute is a bar. Nolan, P. J., MacCrate, Beldock, Murphy and Ughetta, JJ., concur.