David Kusnetz, J.
Defendant Mary Immaculate Hospital (hereinafter called the defendant) moves (1) for an order dismissing the third cause of action for failure to state facts sufficient to constitute a cause of action and (2) for an order requiring plaintiff to make more definite and certain the ninth and fifteenth causes of action.
On July 27,1953, plaintiff’s wife gave birth to a son who died five days later, on August 1, 1953, allegedly because of a blood condition known as erythroblastosis foetalis which stemmed from the fact that the infant’s father had a positive Eh blood factor while his mother had a negative Eh factor. The action is brought by the infant’s father as administrator of his estate.
The third cause of action is for breach of contract in that the defendant allegedly agreed to furnish a skilled pediatrician to attend plaintiff’s son at birth, but failed to do so thereby causing the death of the infant.
The sixth cause of action is based on negligence in that the defendant allegedly failed to employ persons possessing the reasonable degree of skill ordinarily possessed by employees or other members of a hospital in this locality, thereby causing the death of the infant.
Defendant does not challenge the sixth cause of action based on negligence either on the ground of insufficiency or as being repetitious of the third, but contends that plaintiff may not sue for breach of contract. In this it is in error. The “ wrongful act, neglect or default ” which gives rise to an action under section 130 of the Decedent Estate Law need not be based on negligence. (Griffin v. Bles, 202 App. Div. 443.) It may be based on tort or contract. (Roche v. St. John’s Riverside Hosp., 96 Misc. 289, affd. 176 App. Div. 885.)
In Greco v. Kresge Co. (277 N. Y. 26) plaintiff sued on two causes of action, the first being for breach of warranty and the second upon the theory of negligence. The second cause of action was dismissed by consent. The Court of Appeals held *782 that the first cause of action was sufficient in law. Said the court at page 35: “We conclude that the breach of the warranty in a case such as this was a ‘ default ’ or ‘ wrongful act ’ within the meaning of those terms as used in the statute not only as a matter of definition but within the clear legislative intent.” The Roche case (supra) which seems determinative of the issues here presented, was cited with approval by the Court of Appeals in the Greco case at page 32.
In Salamon v. Koninklijke Luchtvaart Maatschappij (107 N. Y. S. 2d 768, affd. 281 App. Div. 965) cited by the defendant, the Appellate Division, First Department, specifically declined to rule on whether the fifth cause of action “even if in contract, abates by reason of section 130 of the Decedent Estate Law.”
On the authorities above cited it appears that plaintiff may base his action for wrongful death on contract or negligence, and defendant’s motion to dismiss the third cause of action for legal insufficiency is, therefore, denied.
In the ninth cause of action which is based on contract to recover for the infant’s conscious pain and suffering prior to his death, it is not clear whether plaintiff is suing on the theory that the infant was a third-party beneficiary of a contract between the defendant and his parents or whether the newly born infant was a direct party to the contract. The complaint alleges, among other things, that the infant “ through the agency of those acting on his behalf, duly performed all of the conditions precedent to be performed on his part in relation of the agreements with the defendant ”.
The motion to require the plaintiff to make the ninth cause of action more definite and certain is granted.
In the fifteenth cause of action plaintiff has realleged certain paragraphs from other causes of action and nothing more. Some of the paragraphs refer to a breach of contract by a codefendant and that the action is brought for the benefit of the next-of-kin; that defendant breached its own contract; that defendant was negligent; that by reason of the breach of contract and because of defendant’s negligence plaintiff’s intestate suffered physical and mental pain prior to his death and plaintiff has lost the services of the infant. It is not clear what plaintiff is attempting to plead in the fifteenth cause of action, and the motion to make more definite and certain is granted.
The motion to dismiss the third cause of action is denied. The motion to make the ninth and fifteenth causes of action more definite and certain is granted. Plaintiff may serve a further amended complaint within 20 days after service of a copy of the order to be entered hereon. Submit order.