■ KATHLEEN GEORGE, as Administratrix of the Estate of KATHERINE DAVID, Deceased, et al., Respondents, v MT. SINAI HOSPITAL, Appellant.— Order, Supreme Court, New York County, entered June 27, 1977, which denied defendant's motion to dismiss the complaint, unanimously reversed, on the law, without costs and disbursements, and the motion granted. A Civil Court summons and complaint to recover damages for personal injuries sustained on August 13 and 14, 1972, specifying one Katherine David as plaintiff, was served on September 19, 1973. However, Katherine David had died on August 28, 1973. Accordingly, the 1973 action was a nullity. On May 29, 1975, decedent's daughter Kathleen George was appointed administratrix. An amended summons and complaint (the amendment entailed the naming of the administratrix as plaintiff) was served in early 1976 on defendant's insurer. The service of the amended summons and complaint was not timely and was barred by the three-year Statute of Limitations which commenced to run on August 13 and 14, 1972 (CPLR 214; *Stutz v Guardian Cab Corp.*, 273 App Div 4). Further, the 1976 amendment could not relate back to the original 1973 pleading under CPLR 203 (subd [e]) because the original pleading was a nullity. The Civil Court action was terminated by stipulation on January 18, 1977. On May 19, 1977 the instant action naming the administratrix as plaintiff was commenced in the Supreme Court. Special Term denied the defendant's motion to dismiss, citing CPLR 205 (subd [a]) which provides that "If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if he dies, and the cause of action survives, his executor or administrator, may commence a new action upon the same cause of action within six months after the termination." As

the prior 1973 action was a nullity and the 1976 amendment could not relate back, there was no prior action timely commenced. Concur—Lupiano, J. P., Birns, Evans and Markewich, JJ.