■ MICHAEL GOOT, an Infant, by EDWARD GOOT, His Parent, et al., Respondents, v BOARD OF EDUCATION OF WATERFORD HALFMOON HIGH SCHOOL, Appellant. — Appeal from that part of an order of the Supreme Court at Special Term (Walsh, Jr., J.), entered October 2, 1980 in Saratoga County, which denied defendant's motion to dismiss the action, pursuant to CPLR 3216, for want of prosecution. Raised for our consideration is the question of whether the provisions of the New York Soldiers' and Sailors' Civil Relief Act (Military Law, art 13) and this Department's rule (22 NYCRR 861.16 [a]) requiring the transfer of a case to the Military Calendar when the Motion Justice is satisfied that a party or necessary witness is in military service, unavailable for trial, conflict with the provisions of CPLR 3216 in a manner that automatically denies the civilian defendant rights otherwise available or whether the two enactments may be harmonized so as to preserve the rights of the parties that each statute seeks to protect. The facts are undisputed. Plaintiff, Michael Goot, then a student at Waterford-Halfmoon High School, sustained personal injuries on April 1, 1977 during a physical education class. He was 18 years old on the date of the mishap. A notice of claim was filed on June 9, 1977 and the action was commenced by service of a summons on November 30, 1977. A complaint was served on March 15, 1978 and issue was joined on April 4, 1978. Thereafter, the plaintiffs served a bill of particulars and conducted an examination before trial of defendant on April 20, 1978. On May 1, 1979, the plaintiffs obtained an order for the taking of an additional deposition of the defendant. No further affirmative action was taken by the plaintiffs and on October 31, 1979, Michael Goot enlisted in the United States Navy and has been on active duty in the Far East since his date of enlistment. Approximately six months later, on April 29, 1980, the defendant served plaintiffs' attorney with a demand pursuant to CPLR 3216 to serve and file a note of issue within 90 days or risk dismissal of the complaint. Upon the expiration of the 90 days without receiving a note of issue and in the absence of a filing, defendant, on August 6, 1980, noticed a motion for a CPLR 3216 dismissal, said motion being returnable on September 3, 1980. On August 18, 1980, a note of issue dated May 6, 1980, four days after plaintiffs' receipt of the original demand made by defendant, was served on defendant's attorney and filed in the County Clerk's office. The date of service and filing, despite the date on the note of issue, was 108 days after the demand was received by plaintiffs. On the return date, the defendant's CPLR 3216 motion was denied and plaintiffs' cross motion for a stay and transfer of the case to the Military Calendar was granted. This appeal ensued. If we were not concerned with the interplay of the New York Soldiers' and Sailors' Civil Relief Act and our own departmental rule with CPLR 3216, we would have no difficulty in reversing the order below and dismissing the complaint. The case was at issue for more than one year when defendant made the demand for the filing of a note of issue within 90 days following the demand. As required, the demand warned plaintiffs that if they failed to comply, the 3216 motion would be made (CPLR 3216, subd [b]). The motion was made and plaintiffs' response of filing a note of issue dated 4 days subsequent to receipt of the demand but actually served 108 days after such demand would be regarded by this court as insubstantial compliance with the 3216 demand. The plaintiff's unavailability for consultation with his attorney has been held by this court to be insufficient to defeat a 3216 dismissal motion (*Chodikoff v Troy Estates,* 37 AD2d 670; see *Smallen v Sherman Sq. Hotel Corp.,* 20 AD2d 527; cf. *Sortino v Fisher,* 20 AD2d 25). Turning to the issue of whether there is any conflict between section 304 of the

Military Law (New York State Soldiers' and Sailors' Civil Relief Act)[*] and CPLR 3216, we conclude that there is none and, further, that each case involving a claim of temporary immunity from civil process by a serviceman must be individually assessed. While the purpose of section 304 is to protect the civil rights of persons in the military service, the provisions of this section were not intended to give complete immunity from all civil responsibilities and should not be used as a sword to the detriment of the rights of others. Here, plaintiffs are not claiming any prejudice by reason of military service preventing them from defending any personal right. To the contrary, they are attempting to preserve a personal claim by offering Michael Goot's military service as an excuse for his attorney's neglect to perform a purely ministerial act not requiring his presence. Attorney neglect is, as a matter of law, insufficient to defeat a 3216 motion (see *Barasch v Micucci,* 49 NY2d 594; *Sortino v Fisher, supra).* Every affirmative act necessary to the prosecution of plaintiffs' action, except the filing of the note of issue, had been completed five months before plaintiff Michael Goot entered military service. Approximately six months passed after his service time commenced before the CPLR 3216 demand was served by the defendant. A proper balancing of the rights of those serving in our military forces with the rights of our civilian population requires a denial of the benefits of section 304 where, as here, a failure to perform purely ministerial acts by the serviceman causes prejudice in terms of extreme delay to his civilian adversary. Further, our reversal would not be a 3216 dismissal on the merits, and while a dismissal for neglect to prosecute is one of the exceptions listed in CPLR 205 (subd [a]), which means there is no six-month toll within which the action can be recommenced, plaintiff Michael Goot would be entitled to the toll of the Statute of Limitations contained in section 308 of the Military Law. Order reversed, on the law and the facts, without costs, and motion to dismiss action granted. Mahoney, P.J., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.

[*] The New York State act is similar in form to the Federal Soldiers' and Sailors' Civil Relief Act of 1940 (US Code, tit 50, Appendix, § 521) and should be interpreted similarly *(Wuster v Levitt,* 268 App Div 926, 927).