cupied for such traffic" after "consents shall have been obtained and filed, as required by law at the time of filing." It seems to me that the plain reading and meaning of this statute is that where no consent has been obtained, and filed, and the premises were not used on March 23, 1896, as a hotel or for trafficking in liquors, the consent of the owner of premises occupied exclusively as a dwelling within 300 feet is necessary.

[3] For these reasons, I think the respondent's certificate must be revoked, but without costs. I do not like the motive that prompted the petitioner to commence and prosecute this proceeding; but, if my conclusions as to the law are correct, I suppose the petitioner's motive is not material. The proceeding was not instituted to protect a residential neighborhood, or by the owner of property opposed to the liquor business. The petitioner is the proprietor of a saloon or hotel next door to the respondent's, and this proceeding is to get rid of a competitor, and destroy a rival in business, and the petitioner's conduct with respect to his mother-in-law's property and his brother-in-law's business does not commend itself to the court, and for that reason the order will be made without costs, and with a stay pending an appeal to the Appellate Division, if the respondent wishes to take an appeal, upon the respondent stipulating to bring such appeal on for argument at the October, 1915, term.

---

(166 App. Div. 961)

### BRACE v. BATH & H. R. CO.

(Supreme Court, Appellate Division, Fourth Department. January, 1915.)

EVIDENCE ⬤═547—OPINION EVIDENCE—EXAMINATION OF WITNESS.

> Where it appeared that the conclusion of plaintiff's expert medical witness was not wholly based upon the hypothesis contained in the question propounded, but was based upon the evidence given in his presence at the trial, a refusal to strike the answer thereto was error.
>
> [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2364; Dec. Dig. ⬤═547.]

Appeal from Trial Term, Steuben County.

Action by Orwell A. Brace, as administratrix, etc., against the Bath & Hammondsport Railroad Company. From a judgment and an order of the Supreme Court, defendant appeals. Judgment and order reversed, and new trial granted.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Robbins, Brown & Phillips, of Hornell, for appellant.
James O. Sebring, of Corning, for respondent.

PER CURIAM. In this case expert medical evidence was, in a large measure, relied upon to establish the fact that the death of the plaintiff's intestate was due to the injury sustained. The plaintiff's physicians said that death was the result of spinal concussion resulting from the accident, while the defendant's doctors testified that death

---

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

was due to the independent agency of erysipèlas, accompanied by pneumonia. On cross-examination of Dr. Starr, a witness for the plaintiff, it clearly appeared that his conclusion was not wholly based upon the hypothesis contained in the question propounded, but that it was based upon the evidence given in his presence, upon the trial. An exception, taken to the refusal of the court to strike out the answer of the witness, presents a reversible error. See Marx v. Ontario Beach H. & A. Co., 211 N. Y. 33, 105 N. E. 97.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event.