WILLIAM J. HUNT, as Administrator, etc., of ROBERT W. HUNT, Deceased, Respondent, v. FREDERICK JOHNSON and TRANSIT COACH BUS LINES, INC., Appellants.

Second Department, April 19, 1940.

*William G. Walsh* [*Fred H. Rees* with him on the brief], for the appellants.

*George Morton Levy* [*Alvin Miller* and *Alvin L. Weil* with him on the brief], for the respondent.

PER CURIAM. This action was brought to recover for the alleged wrongful death of plaintiff's intestate as the result of a collision between an automobile driven by deceased and a bus owned by the corporate defendant and operated by defendant Johnson. The jury returned a verdict in favor of the plaintiff, upon which judgment was entered. Subsequently an order was entered amending the judgment by adding thereto interest from the date of death of plaintiff's intestate to the date of entry of the judgment.

At best the questions of fact were close, and defendants were entitled to have the case submitted to the jury free of incompetent evidence bearing on material issues. The admission in evidence of the opinion of the police detective as to the tendency of an automobile to swerve in a particular direction after a blowout was error. The hypothetical question, in response to which this testimony was given, was improper because it failed to assume facts sufficient to justify an expression of opinion. (*Levy* v. *Mott Iron Works*, 143 App. Div. 7; *Green* v. *Globe & Rutgers Fire Insurance Co.*, 200 id. 343.) Conclusions not based upon stated conditions are inadmissible, even from an expert. (*Marx* v. *Ontario Beach H. & A. Co.*, 211 N. Y. 33.) The error related to a vital issue in the case and cannot be disregarded.

The judgment and order should be reversed on the law and a new trial granted, with costs to abide the event.

LAZANSKY, P. J., HAGARTY, ADEL, TAYLOR and CLOSE, JJ., concur.

Judgment and order reversed on the law and a new trial granted, with costs to abide the event.