By the Court.
 

 The instant case is now lodged in this court by reason of the allowance of the motion •of the Industrial Commission of Ohio to require the Court of Appeals to certify its record.
 

 Involved is the claim of Bernice Stough for death benefits under the Workmen’s Compensation Act, upon the basis that the death of her husband, Carl C. Stough, on August 13, 1939, was directly attributable to an accidental injury — resulting from the inhalation of gas fumes — which he sustained in the course of and arising out of his employment by the Owens-Illinois Glass Company at its Columbus, Ohio, plant.
 

 This is the second time the case has been before this court for a decision on the merits. The report covering another phase of the case may be found in 142 Ohio St., 446, 52 N. E. (2d), 992, wherein the history of the ease up to that time and the essential facts developed by the evidence are narrated.
 

 
 *416
 
 After the decision of this court, just mentioned, the cause was retried in the Court of Common Pleas. At the close of the evidence the trial judge directed a verdict for the Industrial Commission, upon which judgment was entered..
 

 It seems probable that such action by the trial judge was motivated by the language employed by the Court of Appeals near the close of the opinion it rendered on the first appeal of the cause, which language is as follows:
 

 “Counsel for plaintiff urge that'even though it be found that the court erred in the particulars assigned, there is enough probative evidence on all material issues to support the verdict and judgment.' We cannot so conclude. This record is not of sufficient weight, force and effect, independent of the matters reached by the errors assigned, to support the judgment.”
 

 On the second and last appeal to the Court of Appeals, that court reversed the judgment below and remanded the cause on the grounds, as recited in its judgment entry, that the Court of Common Pleas erred to the prejudice of Bernice Stough, the claimant, in rejecting the testimony of John Klaus concerning statements made to him by the decedent, Carl Stough, to the effect that decedent had-a headache at the time of his departure from his place of employment, and in directing a verdict for the Industrial Commission.
 

 It appears from the evidence that Carl Stough was regularly employed by Owens-Illinois Glass Company as an operator of a bottle-blowing machine. Although he had an impaired heart, he and John Klaus, another employee, on the night of November 26, 1936, were assigned to the task of assembling an apparatus designated as a “gas producer.” Near such apparatus was another gas producer.
 

 During the direct examination of John Klaus, the bill of exceptions discloses the following:
 

 
 *417
 
 “Q. Do you recall what happened on that day ta Carl Stough? That night, I should have said? A. The producer we were working on that was what was under construction, at that time.
 

 “Mr. Duffy: Yes.
 

 “ — It was the second one, and the one that was-operating we were working close by, and it seems as- ' though the gas was leaking a little from it, and that’s-about all I know.
 

 “Q. Did you notice whether Mr. Stough left his place, of work up there on the 'second floor? A. Mr. Stough left, if I remember right, between 9:00 and 10:00 o’clock that night — along in there somewhere.
 

 “Q. Did he say anything to you at the time he left?
 

 “Mr. Conn: Object.
 

 ‘ ‘ Court: Sustained.
 

 “Mr. Duffy: .Exception; proffer.
 

 “A. He said he had-a headache; we all had headaches.
 

 “Q. Did Mr. Stough say anything else other than that to you?
 

 “Mr. Conn: Object.
 

 ‘ ‘ Court: Sustained.
 

 “Mr. Duffy: Exception; proffer.
 

 “A. No, he said he had a headache, and he dis-' appeared.”
 

 From such testimony the conclusion is warranted that while the decedent was at work and subject to the inhalation of the fumes leaking from a gas producer, he remarked that “he had a headache,” whereupon, he immediately departed.
 

 Of course, such testimony by Klaus- would be admissible only on the theory.that it constituted a part óf the
 
 res gestae.
 

 It was held in the first paragraph of the syllabus’ of
 
 Stough
 
 v.
 
 Industrial Commission, supra
 
 (142 Ohio-
 
 *418
 
 St., 446, 52 N. E. [2d], 992), based on previous decisions of this court, that “a declaration or statement, to be admissible as part of the
 
 res gestae,
 
 is not required to be exactly simultaneous with the primary» fact in controversy, but it must be a
 
 spontaneous
 
 or, an
 
 impulsive
 
 declaration or statement.”
 

 ■ In the. course of the opinion in the case just cited, Judge Bell said:
 

 “No hard and fast rule has been or-could be formulated by which it could be determined whether the declarations, - exclamations or acts of a participant in or a witness to the transaction or event in question are admissible as part of the
 
 res gestae.
 
 In each case it must be determined from the surrounding circumstances whether such declaration, exclamation or act is admissible.”
 

 Undoubtedly, the question presented is a close one, but in the light of the entire record this court does not feel justified in disturbing the determination of the Court of Appeals that Bernice Stough, the claimant, was entitled to the benefit of the testimony of John Klaus that just before the decedent suddenly left the employment in which he was then engaged he said that he had a headache.
 

 The judgment of the Court of Appeals is, therefore, affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Hart, Zimmerman and Sohngen, JJ., concur.