MARY J. M. DAYTON, Respondent, *v.* HARLENE FROCKS, INC., Appellant, et al., Defendants.

JOHN H. MEYERS, Respondent, *v.* HARLENE FROCKS, INC., Appellant, et al., Defendants.

MEMORANDUM BY THE COURT. Appeal from judgments in favor of plaintiffs entered in the Schenectady County Clerk's Office. The damages, alleged and which the jury found, were received by the daughter when a dress which she was wearing, purchased from one of the defendants and manufactured by the other, caught fire at a social function. The verdict was solely against the manufacturer.

Judgments and orders affirmed, with costs.

Deyo, J. (dissenting). On April 29, 1943, one of these plaintiffs, Mrs. Dayton, then Miss Meyers, a minor, was attending a dance. She wore an evening gown manufactured by the defendant-appellant, which had an overskirt and ruffling about the neck of stiff shiny net. While visiting with her companions, a lighted match was seen to fall to the floor near where she stood. Almost instantly she was entirely enveloped in flames, which substantially destroyed the net overskirt and ruffling. Subsequently a police officer, who was in attendance, applied a match to the only piece of netting which was found, and noted that it was immediately and completely consumed. Actions for damages were brought by the young lady for the burns she suffered and by her father for the medical expenses. These actions were based on the contention that the dress was composed of highly combustible and explosive materials, rendering it inherently dangerous when used for the purpose for which it was intended. Under the charge of the court, the plaintiffs, in order to recover, were required to establish by a fair preponderance of the evidence, and the jury was required to find that the net had been sized with some solution of nitrocellulose. No sample of the net was available and the defendant appellant denied that any such substance had ever been used in sizing its garments. The plaintiffs were required, therefore, to base their case on the opinion of an expert witness. In answer to a hypothetical question, wherein he was asked to assume certain facts, he gave as his opinion that nitrocellulose had been used in the sizing. However, throughout both direct and cross-examination, the expert repeatedly indicated that the basis for his opinion was much broader than the set of facts he had been asked to assume, and that his inferences and conclusions were drawn from the testimony of other witnesses. The expert's opinion constituted the crux of the whole case. It was the only testimony upon which a verdict of liability could be predicated. Since it appears that his opinion was based on matters outside the facts assumed in the hypothetical question, it should not have been received in evidence, and the motion to strike it out should have been granted. (*Marx* v. *Ontario Beach Hotel & Amusement Co.*, 211 N. Y. 33; *Matter of Bergman* v. *Mergenthaler Linotype Co.*, 272 App. Div. 983; *Hunt* v. *Johnson*, 259 App. Div. 292; *Walsh* v. *Frankenthaler*, 186 App. Div. 62; *Brace* v. *Bath & Hammondsport R. R. Co.*, 166 App. Div. 961.) Without the expert's testimony and his opinion, there is no evidence of any probative value to support the verdict, and the judgments against the defendant-appellant in both cases should be reversed on the law and facts, and new trials ordered.

Hill, P. J., Heffernan and Brewster, JJ., concur with Memorandum by the Court; Deyo, J., dissents in an opinion in which Foster, J., concurs.

Judgments and orders affirmed, with costs.