Hart, J.
 

 The defendant claims that there was insufficient evidence to go to the jury on the fundamental question whether the decedent as an employee of the defendant suffered an accidental injury in the course of and arising out of his employment, which resulted in his death.
 

 Under the Ohio Workmen’s Compensation Act, to entitle a workman to compensation for injury, he must suffer a traumatic injury in the course of his employment as a result of some accidental impact other than injuries which may occur in the regular course of nature from the usual and normal activities of his employment. To illustrate, an injury has been held to be compensable under circumstances as follows:
 

 
 *466
 
 Feet of filling-station employee frozen during hours of employment
 
 (Kaiser
 
 v.
 
 Industrial Commission,
 
 136 Ohio St., 440, 26 N. E. [2d], 449); night watchman stumbled over machinery, resulting in paralysis
 
 (Drew
 
 v.
 
 Industrial Commission,
 
 136 Ohio St., 499, 26 N. E. [2d], 793); heat exhaustion suddenly suffered as the result of employment in a foundry
 
 (Malone
 
 v.
 
 Industrial Commission,
 
 140 Ohio St., 292, 43 N. E. [2d], 266); infection resulting from the lifting of a heavy roll of fabric
 
 (Maynard
 
 v.
 
 B. F. Goodrich Co.,
 
 144 Ohio St., 22, 56 N. E. [2d], 195); death due to inhalation of fumes escaping from a gas producer
 
 (Stough
 
 v.
 
 Industrial Commission,
 
 148 Ohio St., 415, 75 N. E. [2d], 441).
 

 On the other hand, an injury has been held not to be oompensable under circumstances as follows:
 

 Collapse by a baker from acute dilatation of the heart while handling dough in his regular employment
 
 (Goodman
 
 v.
 
 Industrial Commission,
 
 135 Ohio St., 81, 19 N. E. [2d], 508); death from angina pectoris a short time after assisting in handling a heavy barrel of rubbish
 
 (Haviland
 
 v.
 
 Industrial Commission,
 
 135 Ohio St., 545, 21 N. E. [2d], 658); coronary occlusion suffered by an employee after assisting in loading five barrels of beer on a truck
 
 (Vogt
 
 v.
 
 Industrial Commission,
 
 138 Ohio St., 233, 34 N. E. [2d], 197); cerebral hemorrhage suffered by a lineman while he was at the top of a tall tower
 
 (Cordray
 
 v.
 
 Industrial Commission,
 
 139 Ohio St., 173, 38 N. E. [2d], 1017); catch or snap in employee’s back allegedly suffered as a result of handling bags of lampblack in his usual employment
 
 (Matczak
 
 v.
 
 Goodyear Tire & Rubber Co.,
 
 139 Ohio St., 181, 38 N. E. [2d], 1021); death from gastric ulcer allegedly due to high nervous tension by reason of conditions at his place of employment
 
 (Shea
 
 v.
 
 Youngstown Sheet & Tube Co.,
 
 139 Ohio St., 407, 40 N. E. [2d], 669); arthritis aggravated by the use of heavy
 
 *467
 
 pneumatic air hammer, while occupying cramped position
 
 (Reynolds
 
 v.
 
 Industrial Commission,
 
 145 Ohio St., 389, 61 N. E. [2d], 784); employee fell in the restroom — cause of death angina pectoris
 
 (Stanfield
 
 v.
 
 Industrial Commission,
 
 146 Ohio St., 583, 67 N. E. [2d], 446); cerebral hemorrhage allegedly caused by working in a stooped and strained position
 
 (Nelson
 
 v.
 
 Industrial Commission,
 
 150 Ohio St., 1, 80 N. E. [2d], 430); death of a motorman from coronary thrombosis when he was subjected to physical and nervous strain in driving a passenger bus through heavy fog
 
 (McNees
 
 v.
 
 Cincinnati Street Ry. Co.,
 
 152 Ohio St., 269, 89 N. E. [2d], 138).
 

 Under the foregoing definition of compensable injury, to recover in the instant case it was incumbent upon the plaintiff to show by a preponderance of the evidence that the heart condition from which the decedent died was proximately caused by an accidental injury sustained through his employment out of the regular course of nature, or that he received, as a direct result of his employment, an accidental injury out of the regular course of nature which aggravated or accelerated a pre-existing heart condition causing his death.
 

 This court has held that “it is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden.”
 
 Stevens
 
 v.
 
 Industrial Commission,
 
 145 Ohio St., 198, 61 N. E. (2d), 198. See, also,
 
 Aiken
 
 v.
 
 Industrial Commission,
 
 143 Ohio St., 113, 53 N. E. (2d), 1018;
 
 Cordray
 
 v.
 
 Industrial Commission, supra; Nelson
 
 v.
 
 Industrial Commission, supra; Gedra
 
 v.
 
 Dallmer Co.,
 
 153 Ohio St., 258, 265, 266;
 
 Boles
 
 v.
 
 Montgomery Ward & Co., ante,
 
 381.
 

 
 *468
 
 “The mere choice of probabilities does not constitute evidence, but creates only conjecture and surmise on which a verdict of a jury cannot stand.”
 
 Franklin
 
 v.
 
 Shelly Oil Co.,
 
 141 F. (2d), 568, 571, 153 A. L. R., 156, 161.
 

 Evidence which shows simply that an injury either may have been the result of an accidental impact arising out of and in the course of employment or may have been suffered in the course of employment in' the regular course of nature in the usual and normal activities of the employment is not evidence to support a compensation claim.
 

 In view of the foregoing discussion as to the basis for compensable injuries and evidential requirements to support the same, was there evidence in the instant case which supported the claim of the plaintiff? The evidence in general was to the effect that the decedent was engaged in his regular work. There was no evidence that any accidental or unusual incident occurred, or that at the time Gerich collapsed he was putting forth any unusual exertion different in kind or amount from that usually exerted by him. Domico and Finecchio, two of the four men pushing the truck, were the only factual witnesses who testified to the situation at the time Gerich was stricken. Specifically, Domico testified that he had worked on the tracks 15 or 20 years; that he and three others were pushing the truck when, for a brief period, Gerich took his place; and that after he came back to the truck Gerich had stopped pushing and was holding his head when he fell over.
 

 Finecchio testified that he and three others were pushing the truck loaded with tools on a narrow gauge track; that the truck weighed about 500 pounds; that one man could not push it but two could push it with rest periods and four men could push it easily; that the temperature was cold and there was snow on the
 
 *469
 
 ground; that he saw Gerich after he fell about 50 feet behind the truck; and that no accident happened to him. There was no probative evidence whatever that Gerich had ever had a previous impaired-heart condition or that such a condition was accelerated by his employment.
 

 While there was some medical testimony that there was a causal relation between Gerich’s death and the activities of his employment, the lack of factual evidence upon which to base any such opinion was evidenced by the fact that the medical witnesses in expressing such opinion supplied and assumed facts as to which there was no proof.
 

 For instance, a medical witness on behalf of the plaintiff, in expressing an opinion based upon facts already established by other witnesses, said that Gerich’s death resulted from a coronary condition. When asked as to the basis of his opinion he said:
 

 “Well, the suddenness of it, the effort that was involved, and in his particular work at this particular time. And you have to take into consideration the age of the man; you would, naturally, think of that as being the A-l causative factor of his death.”
 

 And when further interrogated as to whether he had an opinion on any causal relationship between the work Gerich was doing and the cause of his death and the basis for such opinion, this witness, after expressing his opinion that there was such relationship, said:
 

 “I base my opinion upon the experience we have in the handling of these cardiac diseases.
 
 1 am assuming, notv, that this man had a pre-existing vascular, perhaps a hypertensive arteriosclerotic disease prior to this.”
 
 (Italics supplied.)
 

 Again, it must be observed, there was no evidence in the case which would support the assumption made by the witness.
 

 The witness was further interrogated:
 

 
 *470
 
 “Q. I am trying to find out, Doctor, on what you based your opinion? A. I based my opinion assuming that he had had some trouble there before, possibly a myocarditis or hypertensive myocarditis, and being engaged in this extra effort simply produced the termination.
 

 “Q. In answering the hypothetical question, were you assuming that this man was engaged in unusual or extra effort just before he died? * * * A. Yes.”
 

 Again, there was an assumption of facts not proven, namely, that the decedent ‘ ‘ was engaged in unusual or extra effort just before he died.”
 

 Giving this testimony,
 
 without the assumptions of facts not proven,
 
 full weight, there was clearly no evidence to prove that Gerich’s death was an accidental one resulting from his employment. From the evidence, it was just as probable that he died from natural causes independent of his employment as that it was brought about by the employment. See
 
 Cordray
 
 v.
 
 Industrial Commission, supra.
 
 Under such state of the evidence, the plaintiff failed to sustain the burden of proof on that phase of her case, and a verdict should have been directed for the defendant.
 

 The judgment is therefore reversed and final judgment is awarded for the defendant.
 

 .
 
 Judgment reversed.
 

 Weygandt, C. J., Matthias, Zimmerman, Stewart, Turner and Taet, JJ., concur.