Bell, J.
The first question involved in this appeal is whether an expert witness, in answering a hypothetical question, may draw an inference of injury from the premises stated, where such premises do not contain the fact of injury, and then proceed to base an opinion thereon as to causal relationship, where such inference is not confined to matters properly within the scientific field of inquiry of the witness.
The hypothetical question in issue is long and nothing would be gained by setting it out in full here. Briefly summarized, a physician was asked by counsel for plaintiff to assume the facts essentially as set out above, including an assumption that the cause of death was “probable coronary thrombosis” according to the death certificate. But no assumption was made in the hypothetical question of the fact of accidental injury. The doctor’s opinion was “that the incident of August 24, 1950, precipitated a coronary thrombosis leading to Mr. Burens’ death.” In giving the reasons on which his opinion was based, the doctor said:
“A. Mr. Burens had been working at least from 1945, doing the same particular type of work. He was seen by a fellow coworker with whom he had lunch *552 and both of them returned to work at about 12:30 p. m., that Mr. Burens struck himself against the shelf of the cabinet which he was painting, which was severe enough to cause a fracture of the nose and to cause loss of blood which was noticed coming from his mouth, nose and ears, and a cut at the right lower cheek, and that this type of injury was severe enough to produce transient anoxemia, and the resultant trauma and shock produced his death which was a sudden death and the most common. Sudden death is that of coronary thrombosis.”
The cross-examination of the doctor is, in part, as follows:
“Q. Were you told, Doctor, that Mr. Burens struck his head on a shelf? Was that a fact given to you in the hypothetical question? A. In the hypothetical question, I was told that a streak of blood was seen on the edge of the shelf that he was painting and also on his nose and that there was a cut on his nose.
“Q. Were you told that he struck the shelf? A. No.
‘ ‘ Q. Where did' you get that fact from, Doctor ? A. I arrived at that conclusion by seeing that there was blood—or I am being told, rather, that there was blood on the edge of the shelf and that there was an abrasion on the bridge of the nose, and a cut across the bridge of the nose and blood coming from both mouth and ears.
“Q. You inferred that that’s what happened, is that correct? A. Correct.”
A well recognized exception to the rule which excludes opinion evidence is found in a situation such as this where it is necessary to admit deductions from observed facts, which require scientific or specialized knowledge or experience and for which the general common sense and practical experience of the jury are inadequate. Steamboat Clipper v. Logan, 18 Ohio, *553 375. It is similarly well recognized that qualified expert witnesses are not confined in their testimony to facts which are within their own personal knowledge but may state opinions which are based upon assumed facts. Williams v. Brown, Exr., 28 Ohio St., 547. Ordinarily, such an opinion is elicited by a hypothetical question which, for the purpose of the trial, assumes a state of facts that has been shown by the evidence of other witnesses or by the testimony of the expert himself.
However, certain limitations have been imposed upon the eliciting of opinion by means of the hypothetical question. Basic among these limitations is that the hypothesis must be based upon the facts of the particular case. In Williams v. Brown, supra, this court, in holding that, in an action for compensation for professional services claimed to have been rendered, an attorney, as an expert, can give his opinion as to the value of such services, placed the following limitation on such testimony:
‘ ‘ But to render such evidence competent, there must be testimony in the case tending to show that the services thus stated hypothetically were in fact rendered. * * * The defendant below might well object to opinions upon a hypothesis clearly outside of any testimony in the case. And we think his objection should have been sustained.”
In 2 Wigmore on Evidence, 793, Section 672, the limitation is expressed thus:
“The key to the situation, in short, is that there may be two distinct subjects of testimony—premises, and inferences or conclusions; that the latter involves necessarily a consideration of the former; and that the tribunal must be furnished with the means of rejecting the latter if upon consultation they determine to reject the former, i. e., of distinguishing conelu *554 sions properly founded from conclusions improperly founded. ’ ’
The witness here admitted on cross-examination that the fact of injury was not stated to him in the hypothetical question, and that in stating his opinion he inferred the fact of accidental injury. Plaintiff is entitled to participate in the insurance .fund only if the decedent’s death resulted from an injury received in the course of, and arising out of, his employment. Section 1465-68, General Code. And the term, “injury,” as used here has consistently been held to mean “accidental injury.” Industrial Commission v. Cross, 104 Ohio St., 561, 136 N. E., 283; Industrial Commission v. Franken, 126 Ohio St., 299, 185 N. E., 199.
If an inference of accidental injury resulting in death is to be made from the evidence in this case, it is the function of the jury to draw that inference and not the function of an expert witness.
An expert witness must confine his opinion to matters within his specialty or scientific field of inquiry and may not express an opinion upon matters as to which the jury is capable of forming a competent conclusion. Moore v. State, 17 Ohio St., 521, 526, where Welch, J., said:
“The witness in this case had already declared his inability to form any opinion of the disease of the child from mere inspection and examination. As a question of science, he said it was impossible to determine whether the disease was gonorrhoea or vaginitis, the symptoms and appearances of the two diseases being indistinguishable. But he was permitted to express to the jury his opinion, that the disease was gonorrhoea, founded in part upon the fact that he found that disease upon the father. The opinion thus expressed necessarily involved the further opinion, that the father had been in contact with her *555 in such a way as to communicate the disease. Whether the father had so been in contact with her, was not a subject matter of professional opinion. It was a question of fact for the jury, determinable by ordinary evidence, and requiring no peculiar science or skill. ’ ’
This question has been considered by the courts of last resort in several other states. The Supreme Court of Washington in a compensation case, Berndt v. Department of Labor and Industries, 44 Wash. (2d), 138, 265 P. (2d), 1037, held:
“It is equally clear that when an expert who knows nothing about an individual except what is included in a hypothetical question assumes, as the basis for his opinion, the existence of certain conditions not included in that question and not necessarily inferable therefrom, and not established by the evidence, he destroys the validity of his answer.”
In Marx v. Ontario Beach Hotel & Amusement Co., 211 N. Y., 33, 105 N. E., 97, the court said:
“An expert witness may not draw inferences or state conclusions from the testimony of other witnesses. His opinion must be based upon facts which are stated in the form of a hypothetical question. ’ ’
The Supreme Court of Wisconsin stated the rule logically and succinctly as follows in Dreher v. Order of UCT of America, 173 Wis., 173, 180 N. W., 815:
“The opinion of the physician as to the cause oi death is invoked to supply the substantive facts necessary to support his conclusion. This cannot be done. It is the function of opinion evidence to assist the jury in arriving at a correct conclusion upon a given state of facts. To endow opinion evidence witn probative value it must be based on facts proven or assumed, sufficient to enable the expert to form an intelligent opinion. The opinion must be an intelligent and rea *556 sonable conclusion based on a given state of facts and be such as reason and experience have shown to be a probable resulting consequence of the facts proved. The basis of the conclusion cannot be deduced or inferred from the conclusion itself. In other words, the opinion of the expert does not constitute proof of the existence of the facts necessary to support the opinion.”
In the instant case, the fact of striking the shelves before the coronary attack should have been a premise presented to the witness, which, if found by the jury to be true, could then have formed a basis for the acceptance of the expert opinion as to causation. Failure to include such premise renders the opinion defective for the reason that it assumes as true the critical issue involved in the cause, an assumption that was without the province of the expert witness.
A second question involved in this appeal is whether a jury question is presented by a state of facts which raises two reasonable irreconcilable inferences on the question of the existence of an accidental injury.
There is no direct evidence in this case as to the events which led to the death of Burens. It is plaintiff’s theory that the decedent sustained a fall in which he fractured his nose and cut his face, an injury that caused by way of shock the fatal coronary attack. Defendant’s theory is that the decedent suffered a fatal coronary attack and then fell, breaking his nose and cutting his face. Either inference is reasonable. The jury was thus given a choice between two reasonable inferences.
In Stevens v. Industrial Commission, 145 Ohio St., 198, 61 N. E. (2d), 198, this court said in the third paragraph of the syllabus:
“It is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a *557 reasonable basis for sustaining his claim; If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the ease, he fails to sustain such burden.”
And in Gerich v. Republic Steel Corp., 153 Ohio St., 463, 468, 92 N. E. (2d), 393, approving the rule of the Stevens case, Hart, J., said:
‘ ‘ Evidence which shows simply that an injury either may have been the result of an accidental impact arising out of and in the course of employment or may have been suffered in the'course of employment in the regular course of nature in the usual and normal activities of the employment is not evidence to support a compensation claim.”
We are of the opinion that where, as here, the facts give rise to two irreconcilable inferences, either of which is reasonable, the submission of a choice thereof to a jury is to permit the jury to indulge in speculation and conjecture. Defendant’s motion for a directed verdict should have been sustained.
Having taken this view of the case, it is unnecessary for us to discuss the other questions raised by this appeal.
The judgment of the Court of Appeals is reversed and final judgment rendered for the defendant.

Judgment reversed.

Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart and Taet, JJ., concur.