**CLARK, Appellant and Cross–Appellee,**

v.

**PFIZER, INC.;**

**Mihm, Admr., Appellee and Cross–Appellant.**

[Cite as *Clark v. Pfizer, Inc.* (1993), 87 Ohio App.3d 313.]

Court of Appeals of Ohio,
Lucas County.

No. L–92–159.

Decided April 23, 1993.

*Gary M. Osborne,* for appellant and cross-appellee.

*Richard S. Baker,* for appellee and cross-appellant.

*Per Curiam.*

This case in an appeal from a judgment of the Lucas County Court of Common Pleas. Appellant, Eldon W. Clark, is appealing the jury verdict and judgment denying his claim for workers' compensation benefits. For the reasons that follow, we reverse the decision of the trial court.

The facts of this case are as follows. Clark was employed by appellee, Pfizer, Inc., from 1972 through 1982. During that time Clark's duties includes the

mixing, grinding and bagging of various powdered materials. Both sodium silicate and chromium were present in the powdered materials.

Approximately four years after leaving his employment with Pfizer, Clark sought medical attention due to coughing and shortness of breath. Nasir Ali, M.D., diagnosed Clark's condition as chronic obstructive pulmonary disease and chronic bronchitis. At trial, Ali testified that Clark's chronic obstructive pulmonary disease and chronic bronchitis arose directly from his occupation as a result of Clark's exposure to sodium silicate and chromium. In contrast, Frank Horton, M.D., testified that Clark has asthma, not chronic obstructive pulmonary disease, and that the asthma was not related to Clark's occupation.

At the conclusion of all the evidence, Pfizer moved for a directed verdict which was denied by the trial court. Subsequently, the jury returned a verdict in favor of Pfizer and judgment was rendered denying Clark's claim for workers' compensation benefits.

It is from such judgment that Clark raises the following five assignments of error:

"ASSIGNMENT OF ERROR NO. 1

"Defense counsel's reference to a 31–year old felony conviction during cross-examination of Plaintiff over Plaintiff counsel's objection, which was sustained by the Court, was highly prejudicial to Plaintiff.

"ASSIGNMENT OF ERROR NO. 2

"The trial Court erred in denying the admission of Plaintiff's testimony, through legitimate questions on direct examination, as to whether he told his doctor about exposure to chromium dust in his work place.

"ASSIGNMENT OF ERROR NO. 3

"The Trial Court erred in overruling an objection, during Defendant's closing argument, to the implied assertion that an opinion by Plaintiff's expert in response to a hypothetical question was invalid.

"ASSIGNMENT OF ERROR NO. 4

"The Trial Court erred in submitting to the jury Defendant's Instruction No. 1, because this instruction improperly stated the standard regarding burden of proof and proximate cause, and was confusing and misleading to the jury.

"ASSIGNMENT OF ERROR NO. 5

"The Trial Court erred in overruling Plaintiff's objection to defense counsel's questioning of Plaintiff on cross-examination regarding previous lawsuits because such lawsuits were irrelevant, and injected issues into the trial resulting in confusion and unfair prejudice to Plaintiff."

■ The fourth assignment of error will be addressed first. Clark argues that the trial court improperly instructed the jury to apply the standard that should have been utilized by the trial court in determining a motion for a directed verdict. The jury instruction at issue reads as follows:

"Under the Workers' Compensation Law of Ohio, it is the duty of the party upon whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice between different possibilities as to any issue in the case, then that party fails to sustain the burden of proof as to such issue.

"Eldon Clark as the Plaintiff in this case is therefore required by law to produce evidence which furnishes a reasonable basis for sustaining his claim and each of the three essential elements thereof.

"If his evidence furnishes only a basis for choice among different possibilities as to any one of those three essential elements, then he has failed to sustain his burden of proof and you must return a verdict for the Defendant."

In *Stevens v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E.2d 198, the Supreme Court of Ohio discussed the standard to be applied by a trial judge in determining a motion for directed verdict in a workers' compensation case. The *Stevens* court, at paragraph three of the syllabus, held that the claimant's burden of proof to withstand a motion for a directed verdict was as follows:

"It is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." See, also, *Gerich v. Republic Steel Corp.* (1950), 153 Ohio St. 463, 41 O.O. 468, 92 N.E.2d 393, paragraph two of the syllabus; *Mayhorne v. Mayfield* (Nov. 7, 1986) Erie App. No. E–85–57, unreported, 1986 WL 12628 (both *Gerich* and *Mayhorne* directly quote the syllabus of the *Stevens* case).

■ Because the *Stevens* court's standard is applicable to a motion for a directed verdict it is a standard used only to decide matters of law. See, *e.g.,*

*Ruta v. Breckenridge–Remy Co.* (1982), 69 Ohio St.2d 66, 68, 23 O.O.3d 115, 116, 430 N.E.2d 935, 937–938. Matters of law are within the sole providence of the trial judge and are not to be submitted to a jury. *Id.*

█   In the present case, we find the trial court erred in instructing the jury to apply a standard applicable to a motion for directed verdict. Such instruction could only serve to mislead and confuse the jury. Further, we find the error did affect substantial rights and therefore was prejudicial. Accordingly, the fourth assignment of error is found well taken.

Given our disposition of the fourth assignment of error, we find the first, second, third and fifth assignments of error moot. Although we have disposed of this case in our consideration of the fourth assignment of error, we would note our grave concern as to the first and fifth assignments of error.

On consideration whereof, the court finds substantial justice has not been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is reversed. This cause is remanded to said court for further proceedings not inconsistent with this decision. It is ordered that appellee pay the court costs of this appeal.

*Judgment reversed*
*and cause remanded.*

GLASSER, P.J., and MELVIN L. RESNICK, J., concur.

ABOOD, J., concurs in judgment only.